UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFERY P. JONES,

        Plaintiff,

        v.                                   CAUSE NO.: 3:19-CV-183-PPS-MGG

RON NEAL, et al.,

        Defendants.

OPINION AND ORDER

Jeffery P. Jones, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Jones alleges that he attends chronic care appointments at the medical department in the maximum-security unit. For these appointments, Jones was transported from the minimum-security unit by van with his hands cuffed in front and his ankles shackled. The floor of the van is two or three feet above ground level, and officers assist inmates with exiting the van by providing a metal crate as a step stool. While the metal crate moves on slippery surfaces, the officers also typically assist

inmates by holding onto their arms. On July 6, 2017, Officer Murphy and Officer Martin did not assist Jones with exiting the van and refused his requests for help. When Jones attempted to exit the van on his own, he lost his balance as the metal crate slipped, and he fell and sustained injuries to his head, face, hands, wrists, and back.

Jones asserts an Eighth Amendment claim of deliberate indifference to a hazardous condition against Warden Neal, Officer Murphy, and Officer Martin for allowing him to fall as he exited the van. "In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, [a prisoner] needed only to allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.* at 410. Nevertheless, prison officials "must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). The complaint suggests that the hazardous condition consisted of more than a slippery surface or a wet floor, and Jones adequately states an Eighth Amendment claim of deliberate indifference to a hazardous condition against Officer Murphy and Officer Martin. However, Jones does not describe how Warden Neal was personally involved in allowing him to fall and cannot proceed against that defendant. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

On the same day, Jones complained to Dr. Joseph Thompson about the pain caused by the fall, and Dr. Thompson prescribed Tylenol, applied bandages to his wounds, and ordered X-rays for the face. Thereafter, Jones received regular care, including changes of bandages and prescriptions for Naproxen and Mobic. On July 20, 2017, spinal X-rays were ordered, which revealed multilevel disc degeneration and lower lumbar facet arthritis. Dr. Thompson refused to offer further treatment to Jones or to send him to an outside specialist, and Jones continues to suffer chronic headaches and sore and stiff joints.

Jones asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Thompson for failing to treat his chronic headaches and arthritis. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and citations omitted). Jones states a plausible claim of deliberate indifference against Dr. Thompson.

Jones also asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against Corizon, LLC. Corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation omitted). A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013). While Jones describes various policies or practices, he does not describe a policy or practice that caused inadequate treatment for his chronic headaches and arthritis. As a result, Jones cannot proceed against Corizon, LLC.

For these reasons, the court:

(1) GRANTS Jeffery P. Jones leave to proceed on an Eighth Amendment claim against Officer Murphy and Officer Martin for acting with deliberate indifference to a hazardous condition by allowing him to fall as he exited the van on July 6, 2017;

(2) GRANTS Jeffery P. Jones leave to proceed on an Eighth Amendment claim against Dr. Joseph Thompson for acting with deliberate indifference to a serious medical need by failing to treat his chronic headaches and back arthritis;

(3) DISMISSES Ron Neal and Corizon, LLC;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Murphy, Officer Martin, and Dr. Joseph Thompson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Murphy, Officer Martin, and Dr. Joseph Thompson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Jeffery P. Jones has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 27, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT