UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEFFERY P. JONES, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-183 DRL-MGG |
| RON NEAL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Jeffery P. Jones, a prisoner without a lawyer, filed a motion to amend the complaint. Because Mr. Jones filed this motion within twenty-one days after service of the answer, the court grants this motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Jones alleges that he attended chronic care appointments at the medical department in the maximum-security unit at the Indiana State Prison. For these appointments, Jones was transported from the minimum-security unit by van with his hands cuffed in front and his ankles shackled. The floor of the van is two or three feet above ground level, and officers assisted inmates with exiting the van by providing a metal crate as a stepping stool. The metal crate tended to shift on the pavement as inmates stepped on it; but, as a general practice, the officers also assisted inmates by holding onto their arms. On July 6, 2017, Officer Murphy and Officer Martin did not assist Mr. Jones with exiting the van and refused his requests for assistance. When Mr. Jones

attempted to exit the van on his own, he lost his balance as the metal crate slipped, and he fell and sustained injuries to his head, face, hands, wrists, and back.

According to the amended complaint, on the same day, Mr. Jones complained to Dr. Joseph Thompson about the pain caused by the fall, and Dr. Thompson prescribed Tylenol, applied bandages to his wounds, and ordered x-rays for the face. Thereafter, Mr. Jones received regular care, including changes of bandages and prescriptions for Naproxen and Mobic. On July 20, 2017, spinal x-rays were ordered, which revealed multilevel disc degeneration and lower lumbar facet arthritis. Dr. Thompson refused to offer further treatment to Mr. Jones, he says, or to send him to an outside specialist, and Mr. Jones continues to suffer chronic headaches and sore and stiff joints.

In a previous order, the court screened the initial complaint and allowed Mr. Jones to proceed on an Eighth Amendment claim against Officer Murphy and Officer Martin for acting with deliberate indifference to a hazardous condition by allowing him to fall as he exited a medical transport van on July 6, 2017. ECF 6. The court also allowed him to proceed on an Eighth Amendment claim against Dr. Joseph Thompson for acting with deliberate indifference to a serious medical need by failing to treat his chronic headaches and back arthritis. *Id.*

Mr. Jones seeks to amend his complaint to add claims for money damages against Warden Neal for maintaining an unconstitutional policy or practice of providing a metal crate for inmates exiting the medical transport van to use as a stepping stool. He also seeks to add claims against Warden Neal for maintaining unconstitutional policies or practices in administering medication. To state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, a prisoner must allege that a defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). To proceed on an Eighth Amendment claim regarding medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious;

2

and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Jones asserts claims against Warden Neal on the basis that he is generally responsible for Mr. Jones' safety and medical care and maintains unconstitutional practices or policies at the Westville Correctional Facility. For individual defendants, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Significantly, Mr. Jones does not describe how Warden Neal was personally involved with administering his medication. Additionally, the practice of providing a metal crate for inmates to use as a stepping stool does not constitute deliberate indifference, particularly when that practice also includes correctional staff physically assisting inmates as they exited the van. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement"); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("But negligence, even gross negligence, does not violate the Constitution."). The court allowed Mr. Jones to proceed against Officer Murphy and Officer Martin for refusing to assist Mr. Jones with exiting the van, not for merely allowing inmates to use a metal crate as a stepping stool. Mr. Jones does not indicate that Warden Murphy was personally involved in refusing to assist him on July 6, 2017. Therefore, he cannot proceed against Warden Neal on a claim for money damages.

Mr. Jones also seeks to add claims against Corizon for unconstitutional policies or practices in administering medication. Corporate entities "[may] not be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather, liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Corporate entities can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent

and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013).

Specifically, Mr. Jones alleges that Corizon maintained a policy or practice of allowing medical staff to administer medication only at 7:00 a.m. and 2:00 p.m. regardless of how it was prescribed. He alleges that Corizon maintained a policy or practice of dissolving medication in a cup, which caused some of the medication to stick to the bottom of the cup and negated the time-release effect of certain medications. The consequence of these policies was that Mr. Jones suffered more pain because he was not receiving his medication at the frequency and dosage prescribed by medical staff. These allegations state a plausible Eighth Amendment claim of deliberate indifference against Corizon.

Mr. Jones further alleges that Corizon maintained a policy or practice of allowing correctional staff without extensive medical training to administer insulin shots to inmates. However, it is not clear how this amounts to a substantial risk to Mr. Jones' safety, given that administering insulin shots does not require extensive medical training, and they are frequently self-administered. *See e.g.,* WebMD, https://www.webmd.com/diabetes/give-yourself-insulin-shot (last visited Sept. 19, 2019); Drugs.com, https://www.drugs.com/cg/how-to-give-an-insulin-injection.html (last visited Sept. 19., 2019). Therefore, he may not proceed on this allegation.

Finally, Mr. Jones seeks to add claims for injunctive relief in connection with his fall on July 6, 2017, and his medical care. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Mr. Jones may not proceed on an injunctive relief claim in connection with the fall because the amended complaint contains nothing to suggest that correctional staff's refusal to assist him is likely to reoccur. He may

4

proceed on claims for injunctive relief with respect to treatment for his chronic headaches and back arthritis and for medication administration, though any such relief will be limited to ensuring that Mr. Jones receives the medical treatment to which he is entitled under the Eighth Amendment. Ron Neal, as the Warden of the Indiana State Prison, has both the authority and the responsibility to ensure that Mr. Jones receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Jones may proceed on an injunctive relief claim for his medical care against Warden Neal in his official capacity.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 14);

(2) GRANTS Jeffery P. Jones leave to proceed on his Eighth Amendment claim against Officer Murphy and Officer Martin for acting with deliberate indifference to a hazardous condition by allowing him to fall as he exited the van on July 6, 2017;

(3) GRANTS Jeffery P. Jones leave to proceed on his Eighth Amendment claim against Dr. Joseph Thompson for acting with deliberate indifference to a serious medical need by failing to treat his chronic headaches and back arthritis;

(4) GRANTS Jeffery P. Jones leave to proceed on his Eighth Amendment claim against Corizon for maintaining a policy or practice of administering medication only twice per day and of dissolving medication in cups prior to administering it;

(5) GRANTS Jeffery P. Jones leave to proceed on his injunctive relief claim against Warden Neal in his official capacity to obtain the medical treatment for his chronic headaches, back arthritis, and pain to which he is entitled under the Eighth Amendment;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Corizon and Ron Neal at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 14-1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Murphy, Officer Martin, Dr. Joseph Thompson, Corizon, and Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Jeffery P. Jones has been granted leave to proceed in this screening order.

SO ORDERED.

September 19, 2019

*s/ Damon R. Leichty*
Judge, United States District Court