UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY P. JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-183-MGG |
| MARTIN, et al., | |
| Defendants. | |

OPINION AND ORDER

Jeffrey P. Jones, a prisoner without counsel, was granted leave to proceed on claims against Officer Jeffrey Martin and Warden Ron Neal for failing to protect him from a hazardous condition by allowing him to fall as he exited a prison van on July 6, 2017, and on a claim for injunctive relief against Warden Neal related to his ongoing need for medical treatment for pain allegedly caused by the fall.[1] (ECF 15.) Defendants now move for summary judgment in their favor. (ECF 93.)

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party,

---

[1] He was also granted leave to proceed against Officer Beverly Murphy, Dr. Joseph Thompson, and Wexford Health Sources, but those defendants have since been dismissed. (*See* ECF 86, 90, 100.)

and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted). At the summary judgment stage, the court cannot "weigh conflicting evidence," or "make credibility determinations," as such functions "are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (citations omitted). The court's sole function is "to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

Mr. Jones was notified of the Defendants' motion for summary judgment and granted an extension of time to respond to it. (ECF 96, 98.) His response was due September 10, 2021, but that deadline has passed and no response has been filed. Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.; see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

As a preliminary matter, the record reflects that Mr. Jones is no longer incarcerated at Indiana State Prison ("ISP"), where Warden Neal serves as warden. (*See* ECF 73.) He has been released from ISP and is currently living at the South Bend

Community Re-Entry Center.[2] (*Id.*) He is no longer under the care of medical professionals at ISP, and there is no indication from the record that he is likely to return to ISP any time in the near future. Accordingly, his claim for injunctive relief against Warden Neal related to his ongoing medical care has become moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Turning to the merits, the undisputed facts are as follows. At all relevant times, Mr. Jones was incarcerated at ISP. (ECF 94-1 at 8-18.) On July 6, 2017, he was transported by Officer Martin and another officer to a medical appointment. (*Id.* at 17-18.) Officer Martin was driving the van, as was his typical role. (*Id.* at 19.) Mr. Jones was assisted into the van by the other officer without incident. (*Id.* at 18-19.) When the van arrived at its destination, Officer Martin remained in the driver's seat and the other officer exited the vehicle. (*Id.* at 22-23.) She helped three other inmates out of the van and then went to talk to someone at the front of the van. (*Id.* at 16, 22.) Mr. Jones attempted to exit the van on his own without asking for assistance and fell. (*Id.* at 16, 24-25.) He believes that the metal crate being used as a stepping stool slipped under his feet, but he can't specifically recall what happened. (*Id.* at 25-26.)

The Eighth Amendment prohibits exposing inmates to unduly hazardous conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks

---

[2] Mr. Jones testified at his deposition that he arrived at the Re-Entry Center in December 2020. (ECF 94-1 at 9.)

3

whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. The plaintiff must prove that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

On the objective prong, the evidence does not show that Mr. Jones was exposed to a condition that was so inherently dangerous as to constitute an Eighth Amendment violation. The record reflects that he attempted to get out of a prison van without first asking for assistance, and that he may have slipped on a metal crate being used as a step stool. (ECF 94-1 at 16-17, 23.) Using a metal crate for a step-stool may not have been a best safety practice, but that is not the standard for proving an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834. Negligence, even gross negligence, is not enough. *Hildreth*, 960 F.3d at 425. Nor is it even clear from the record that the crate is what caused Mr. Jones's injury. It is unfortunate that Mr. Jones was hurt, but he has not proven that he was denied the minimal civilized measure of life's necessities.

4

Nor has he demonstrated that Officer Martin was deliberately indifferent to his health or safety. At most the record shows that Officer Martin was present during this incident in that he was driving the van, but there are no facts to show that he was responsible for helping inmates out of the van, that Mr. Jones asked him for help, or that he otherwise consciously disregarded a risk to Mr. Jones's health or safety.[3] Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Officer Martin cannot be held liable for the misdeeds of other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Based on the record, Officer Martin is entitled to summary judgment.

As for Warden Neal, he cannot be held liable solely because he holds a supervisory position at the prison. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Supervisory prison staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is nothing in the record to show that Warden Neal was present during this incident, that he was aware of or facilitated the actions of the officers who were transporting Mr. Jones, or that he otherwise turned a blind eye to a risk to Mr. Jones's health or safety.

Mr. Jones stated at his deposition that he named Warden Neal in connection with this claim only because he wanted the prison to purchase vans that had built-in stairs. (ECF 94-1 at 14.) In the prison context, the court's ability to grant injunctive relief is

---

[3] Mr. Jones testified at his deposition that, as to Officer Martin, "I know he didn't do anything wrong. He was attached [to the complaint] because he was the driver of the vehicle." (ECF 94-1 at 17.)

5

significantly circumscribed." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). "Any remedial injunctive relief granted by the court "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Id.* Here, Mr. Jones has not proven a constitutional violation. Additionally, a plaintiff is entitled to prospective injunctive relief only if "there exists some cognizable danger of recurrent violation, something more than the mere possibility." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149 (7th Cir. 2019). A theoretical possibility "supported only by speculation" will not suffice. *Id*. As stated, Mr. Jones has been released from ISP, and there is no basis in the record to conclude that he will again ride in a prison van at ISP without stairs, try to exit without assistance, and suffer injury.[4] To the extent he is trying to obtain relief on behalf of other prisoners, he is not permitted to do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). Based on the record, Warden Neal is entitled to summary judgment.

For these reasons, the motion for summary judgment (ECF 93) is GRANTED. Judgment is entered in favor of Defendants Jeffrey Martin and Ron Neal. The clerk is DIRECTED to close this case.

SO ORDERED on September 30, 2021

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge

---

[4] Mr. Jones testified at his deposition that ISP began to use vans with built-in stairs to transport prisoners sometime after these events. (ECF 94-1 at 14.)